Please call the next case. 113-0984, Loyola University of Chicago v. Ann Mikesh. Morning, members of the court. I am Mark DiPaolo. I am the attorney who handled the case at the commission level below. We did try this case. We were successful. The case was reviewed by a respondent to the commission. We were successful. We settled the case after long and contentious negotiations. And that is where our problems began, which leads to our appearance here. At the time of this settlement contract, when it was negotiated and entered into, this claimant had accessed a disability policy through her employer. We were concerned because we know the nature of these contracts, these disability contracts, insurance policies. We're concerned because they are typically loaded with subrogation and repayment agreements and set-off clauses. In other words, if you're on disability, one of these non-act policies, and you get Social Security, it sets off, you've got to pay them back. If you're on one of these policies, you get workers' compensation, it sets off, you've got to pay them back. It is loaded. If you get $10 from your aunt from Kansas in your birthday card, you've got to pay them back. So we drafted, counsel drafted, after negotiation, a very specific settlement contract. And it says, and I quote it, the additional consideration for the settlement and the total and complete release of the employer from any and all possibility is the respondent's obligation. Can I ask a question? What does this have to do with jurisdiction? Pardon me, Judge? What does all this have to do with jurisdiction? The question is, where did the jurisdiction lie to enforce the agreement? Jurisdiction? The question of why the agreement came into existence is totally irrelevant. Tell us why there's jurisdiction. True. True. We filed a petition for penalties for nonpayment based on that clause, 19K, 19L, Section 16. The order from the commission says a couple of different things. Number one, it says we don't have jurisdiction. But then it goes on to say that we waived the jurisdiction because of the language in the contract. You can't waive jurisdiction. So let's get to the question of whether they had jurisdiction or they didn't. Flynn. Flynn says we have jurisdiction. Counsel will get up here and say that Mickelson controls. Flynn cites Mickelson. It distinguishes Mickelson. The commission has the jurisdiction to hear these motions. Wait a second. You said there was a settlement contract specifically approved by the commission that has the same legal effect as an award entered by the commission, correct? Correct. Nobody appealed it, correct? Correct. It was a final order. Nobody appealed the settlement contract, correct. I don't think anybody's questioning whether they can, you know, determine penalties and attorney's fees. The rub here is you are asking for the enforcement of a commission's final award. Correct. Okay. So how does Flynn doesn't speak to whether the commission is the proper venue to address that issue. We're not talking about penalties and fees, okay? Do you have the commission enforcing a final award, generally speaking? In order to enforce a final award, we need to have a number on it, Your Honor. Who better than to say what that contract, what that order means, than the commissioner who wrote it or signed it, I should say. But that's not what 19G says. 19G says you've got a final decision of the commission. Once it's become final, in order to enforce that, you go to the circuit court in the county in which the exit occurred or either parties or residents were upon the court shall enter judgment in accordance therewith. Now, look, the Workers' Compensation Act is a statute. That commission doesn't have any jurisdiction to do anything that that statute doesn't give it the jurisdiction to do. This statute places jurisdiction in the circuit court to enforce final commission decisions. Not in the commission. And it certainly doesn't give them the authority to take the case to explain what they meant. Your Honor, is not the settlement contract language that specifically does not bestow jurisdiction on the commission but reserves the jurisdiction for enforcement? You can't vest the court with jurisdiction because the two of you want to. Either the statute gives them jurisdiction or it doesn't. And the statute doesn't give it. Your Honor, are we not confusing enforcement of the commission order with the other issues? The other issue is how do we enforce a commission order that has no number on it? How do we reduce this order to judgment? What is the amount of our judgment on this order? Unless the commission ---- Whatever the commission's decision says they were supposed to pay, they have to pay. And what do you mean it has no number on it? You file a case in the circuit court of Cook County and guess who gives you a number? The clerk of the court. Well, we think she does anyway. At any rate, she's supposed to give you a number and you get to go before a judge based on that number. And that judge is supposed to enforce the decision of the commission that has become final. And your settlement contract was certainly final. It is final. Okay. And I agree with that, Your Honor. However, a 19G, which is what I gather we're speaking about, the alternative remedy or ---- What's our alternative remedy? Will necessitate a circuit court judge interpreting this settlement contract, this order of the commission. Absolutely. And my point to the court is, is that what the statute intends? I mean, we're supposed to be conducting summary hearings. The penalty is statutory. The attorney's fees are statutory. And rather than access that on a clear settlement contract, we will now, per 19G, go to the circuit court, have to assess our attorney's fees by hours, which we don't keep, when the statute somewhat answers that. All great arguments to go before the legislature and tell them that this is an unworkable situation. But the fact of the matter is you have a final decision of the commission. There were no proceedings for review pending before the commission. And the order that you had provided for the payment of compensation under the act. And then 19G couldn't be cleared. Maybe what you're getting hung up on, and I'm trying to think this thing through while you're taking this position, you conceded, I think, tacitly, if this was a regular finding by the commission, an award by the commission that was final and not appealable, clearly you go to the circuit court. Correct. You seem to be getting hung up on the fact that this thing emanated from a settlement contract where the parties were trying to. No. Well, then why is this different than any other final award by the commission? You couldn't come to the commission and say, hey, I know you have a final award. It hasn't been appealed. It's final under the statute. But now you interpret, you enforce this final award. You couldn't do that before the commission. You know that. Because they haven't paid it, Your Honor. And I believe prior to filing a 19G and pursuing 19G per the statute, that we have a right to statutory penalties for nonpayment of the award. How about going for the penalties after 19G? Pardon me, Judge? How about going for penalties before the commission after the 19G proceeding? How do we get them? I mean, why couldn't you do that? Why couldn't you pursue the 19G proceeding, get the interpretation that you're right, and then go to the commission and say they didn't pay it? We want penalties. True. 19G does allow for attorney's fees. After a circuit court judge interprets this contract and the interpretation is going to come, they dispute that they owe this additional money, this $32,000. They refuse to pay. If you want to know how you get interest, why don't you consult Section 2-1303 of the Code of Civil Procedure. That will tell you how you get interest at the rate of 9 percent from the time of the workers' compensation award. Right. Right. And it's a lot of hours. It's not hours. It's 9 percent interest, which isn't bad interest these days. And it runs from the date of the award, not the date of the judgment. And I agree. If we don't have the, if we don't have jurisdiction to pursue penalties for a nonpayment of an award, I believe that we defeat part of the purpose of the act, in that we are no longer conducting summary hearings at the commission, in that we have to now tally up our time, which we don't keep on a regular basis, in that there's no statutory penalty for the court to award in a 19G, as there is in a workers' compensation case. In other words, our petition for penalties is in keeping, for nonpayment of a summary hearings. We don't tally up time. The fee is 20 percent. The penalty is 50 percent of the unpaid amount. And Flynn, I believe, allows us to file those petitions for nonpayment of a settlement contract in front of the commission. Of course, our remedy under 19G is still available. It's on my desk. Right now, when this proceeding is concluded. But I submit to the court that it doesn't make sense. Thank you. Thank you, counsel, for your argument. You'll have time in reply. Counsel, you may respond. Thank you. May it please the court. My name is Mark Brown. I represent Loyola in this case. And without repeating some of the basics of this, I think the court has pointed out that we are dealing with a final decision of the commission in the form of an approved settlement contract. That was done in January of 2009. The order we're concerned with here was entered some three and a half years later when the commission, under the guise of a petition for penalties, and the commission then undertook to review its prior final decision, the approved settlement contract. After nobody appealed, right? Yes. It became final because nobody appealed that approved contract back in 2009. Let me ask you a question. If you have an approved settlement contract that says you're supposed to pay X, forget about disability benefits, you're supposed to pay X number of dollars to a respondent, and it becomes a final order and you don't pay the money to the respondent, does he have a right to go back to the commission and ask for 19K penalties? He does. He does. Okay. And they have jurisdiction. And Flynn says that. Okay. What did he go to the commission and ask them to do? I'm sorry? When he went to the commission, when he went to the circuit court, when he went to the commission, what did he ask them to do? Well, they put on, they alleged that we had not paid the contract because we hadn't complied with this broad hold harmless. Right. And then offered evidence as to the negotiations. But what did he want? What did he ask for? Well, in that process, he didn't, the plea before the commission in that petition was for a substantial 50%, 19K penalties. All right. But you're saying that under Flynn he has a right to go back to the commission and ask for penalties if you don't pay the compensation that's awarded under the contract. Yes. And in this case we said we had paid it and we had paid the full 318,000. So that would be a defense to his claim for penalties. But even you can see that belongs before the commission. That part belongs to the commission. And the commission heard it here. Okay. And made a specific finding. Now, penalties under, for a nonpayment of a specific amount, can be entered only if the commission finds that the employer was guilty of unreasonable conduct or vexatious delay. Right. And in this case, they heard this evidence. Okay. And they said the respondent was not unreasonable and there was no vexatious delay. Okay. But then they engrafted onto, they went and opened up the prior settlement award and said that that clause requires you to acknowledge this separate agreement that the petitioner had with Social Security. And we said they simply had no jurisdiction to do that. Okay. So your argument is not that they totally lacked jurisdiction. Your argument is that they had no jurisdiction under the second half of the order that you objected. That is correct, Your Honor. Okay. I got into the whole hormones provisions and the terms of the contract. They can't interpret that. And if they went on an enforcement petition under 19G and the circuit court said, well, did you pay or didn't you? Did you comply with this order? We would say we did. And that's where they went off the track on the second part. Okay. And we feel that, therefore, that I think the Court has articulated that the Court commission does not have jurisdiction except for what is specifically provided in the statute. It's a creature of statute. And there is no basis for them to reexamine that. And the circuit court, I think, saw that. They reversed the order of the commission. And I don't know that we need to address the second part of this. If there is no jurisdiction, that ends that. And even if there was jurisdiction, the commission simply did not follow the rules of construction in any way. We submit that the order of the circuit court is correct. We ask that it be affirmed. Thank you. Thank you, Your Honor. Yes, reply. Thank you. As Justice Hoffman inquired, we asked for penalties. Our contention is that this settlement contract, this award, is not paid, by the plain language of it. We have a right to ask for penalties on an unpaid settlement contract. There is jurisdiction, despite what the commission says. And why is there jurisdiction? There's jurisdiction, number one, we didn't waive it, as they say, that we waived our right to penalties. It's specifically reserved. And there's jurisdiction anyhow, per Flint. And the third reason that there is jurisdiction is that it makes sense. Like I said, now, we are requesting from the court some guidance, because this question is continually and increasingly arising below at the commission level, whether or not we have jurisdiction to file a 19K penalty petition for an unpaid settlement contract. This commission says we did not. This commission said we waived, which we didn't. And then they go on to add, even though, according to them, there's no jurisdiction, they say, well, it was too confusing anyhow, so they wouldn't owe penalties, but they would owe the $32,000. That part I don't get. If there's no jurisdiction, there's no jurisdiction. We submit that there is, of course. Kennedy, I want to get more basic than this. If everybody concedes that the commission had the jurisdiction to determine your prayer for penalties, then it occurs to me that the first thing the commission had to decide in determining whether you were entitled to penalties was what the contract meant to determine whether they owed you any money or they didn't. Then, if they determined that you were owed money, then the next question they have to decide was, was failure to pay vexatious not reasonable. But they've got to determine whether the money is owed in the first instance. Exactly, Your Honor. And, again, who better? I mean, my opinion is that the plain language dictates. It says any and all repayment from disability insurance. And that's exactly what we got, a notice of repayment for disability insurance. However, if it truly, and it's just not litigational posturing by counsel, if there is truly a question as to what that document means, what that contract or order language means, who better to interpret that than the author, the commissioner, the commissioner who signed it, who entered it into law? Otherwise, I predict I will be here two years from now after having been to a circuit court on 19G and asking the circuit court judge to interpret that contract language. We first need, when I said we need a number, what I was referring to is exactly what Justin Hoffman alludes to. We need to know, according to counsel, because they don't know, we need to know whether they owe that money or not. That is a province for the commission. That falls under the enforcement of the order. The order that we got bestows, it says there is no jurisdiction. It says we waive the jurisdiction. And then it goes on to say that they owe the money but not the penalties. I wouldn't spend a lot of time on your waive jurisdiction because you can't waive it. Forget that. Exactly. You know, it occurs to me that this interpreting of the order actually occurs twice. It will occur once before the commission on the petition for penalties. What does the order mean? Did they pay or didn't they pay? And then it's going to be interpreted again in front of the circuit court on the 19G when you say reduce it to judgment. Because the circuit court has got to say, well, how much money is owed under this contract? Yes. So, I mean, you're going to get that decision twice, not once. Yes. Or why not go get the decision in the 19G, and if they say it was owed, then take it to the commission for the penalties. If they say it's not owed on the 19G, then you don't have any penalties. Without any suspenders, Your Honor, I am taking an order of the commission to a circuit court judge who had nothing to do with that order, to interpret the order, and then go back to the commissioner and show him or her what the circuit court judge said. It makes no sense. We have to be able to pursue our remedies at the commission level on these unpaid settlement contracts. Our bar is not able. What did the commission say about the penalties? They said three things, Judge. They said, number one, they don't have jurisdiction. They said, number two, we waived jurisdiction because we gave up our rights in the settlement contract. They said, number three, that they owe the money, the repayment, but it's just too complicated for anybody to figure out so that they don't owe the penalties. That's what they said. Maybe a circuit judge won't find it so complicated. And the circuit court said that there's no jurisdiction for them to say that. Whatever hole we run to gets plugged up. We can't go to the commission, according to the commission, because there's no jurisdiction. And we waived. We can't go to the circuit court because we don't know how they owe the money. Unravel this business. Your first argument has to be that the finding of the commission that their failure to pay whatever is owed was not unreasonable or vexatious, has to be reviewed by the circuit court under a manifest weight standard or an abuse of discretion standard. Pardon me. Under an abuse of discretion standard. And if the circuit court turned around and said, wait a minute, they had no jurisdiction to say that, and if we were to determine, yes, they did have jurisdiction to say that, the only thing that's going to happen in this case is it's on its way back to the circuit court to make its abuse of discretion decision. And that's an administrative review or review of the commission's decision. And your Honor, in order to do that, don't we need further, I mean, don't we at least need that order from the commission as it's in some form that they do owe the money, which that commission order says, but maybe it's too difficult for any of us to figure out. I mean, if the commission turns around and says, you filed a petition for penalties, and we don't have any jurisdiction to decide it, and oh, by the way, it's not vexatious or unreasonable. So, I mean, it reminds me, it reminds me of the criminal defendant who stands up in closing argument and says, I wasn't in the building when the man was shot, but if I was, it was self-defense. I mean, you know, come on. Judge, I agree completely. I note that Commissioner Terrell had a short paragraph in a dissenting or specially concurring decision, and he got the jurisdiction issue exactly correct. It does, it is controlled by Flynn. But I am asking the court, saying that in my opinion, we are in need of some guidance on at least the jurisdiction issue for the commission to hear these penalty petitions in general, as well as specific to this case. Thank you. Thank you, counsel, both for your arguments in this matter. We take it under advisement that this position is issued. The court will stand in brief recess.